PEARSON, Judge
(dissenting).
This is an appeal from a final judgment pursuant to an involuntary dismissal of plaintiff’s cause at the conclusion of plaintiff's case in a trial before the court without jury. See Fla.R.Civ.P. 1.420(b). It is my *1219 view that the majority has failed to apply the rule set forth in Jones v. Central National Bank & Trust Co., 110 Fla. 262, 148 So. 765 (1933), where the court, citing to Mechem on Agency, said:
[[Image here]]
“ ‘It is the duty of every agent, when no other arrangement is made, to bring to the performance of his undertaking, and to exercise in such performance, that degree of skill, care and diligence which the nature of the undertaking and the time, place and circumstances of the performance ordinarily and reasonably demand. A failure to do this, whereby the principal naturally and proximately suffers loss or injury, constitutes negligence for which the agent is responsible.’ ”
The facts presented by the plaintiff present an issue of the liability of the defendant insurance agent for the agent’s failure to follow through upon its undertaking on behalf of the plaintiff. I would, therefore, reverse for a trial of the issue.